

# United States Bankruptcy Court
# for the District of Oregon

Thomas M. Renn, Judge  
Jonni Paulsen, Judicial Assistant  
Andrea Breinholt, Law Clerk

405 East Eighth Avenue, Suite 2600  
Eugene, Oregon 97401

(541) 431-4050  
FAX: (541) 431-4047

September 25, 2018

Michael R. Fuller  
OlsenDaines, P.C.  
US Bancorp Tower  
111 SW 5th Ave #3150  
Portland, OR 97204

Andrew J. Scavatto  
Stinson Leonard Street  
7700 Forsyth Blvd. #1100  
St. Louis, MO 63105

Jeffrey Bradford  
Tonkin Torp LLP  
888 SW Fifth Ave., #1600  
Portland, OR 97204

RE: Lund v. CenturyLink, Inc.; Case No. 17-06100-tmr (Lead Case)  
Bean v. CenturyLink, Inc.; Case No. 17-06094-tmr

Counsel:

      This matter comes before me on Defendant's Motion to Dismiss (hereinafter "Motion"). Pursuant to Fed. R. Civ. P. 12(b)(6) (made applicable by Fed. R. Bankr. P. 7012(b)), Defendant seeks dismissal of Plaintiffs' claim for damages resulting from Defendant's alleged willful violation of the automatic stay pursuant to 11 U.S.C. § 362(k).[1]  After hearing oral argument and reviewing the pleadings, the record, and applicable caselaw, I deny the Motion for the reasons outlined below.

      Fed. R. Civ. P. 12(b)(6) provides for dismissal if a plaintiff fails to state a claim upon which relief may be granted.  I must accept as true all well-pleaded allegations contained in the complaint, but need not accept as true "conclusory statements, statements of law, or unwarranted inferences cast as factual allegations." *Taylor v. U.S. Dep't of Justice (In re Taylor)*, 2012 WL 1957984, at *2 (9th Cir. BAP May 31, 2012).  "To survive a motion to

---

[1] Because Defendant's Motion is silent as to the relief sought under 11 U.S.C. § 105, I do not address the sufficiency of those claims in this ruling.

dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In ruling on a 12(b)(6) motion, the Court must draw all reasonable inferences in favor of the non-moving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"In considering the [Rule 12(b)(6)] motion, the court may not consider any material beyond the pleadings. However, material which is properly submitted as part of the complaint may be considered. Exhibits submitted with the complaint may also be considered." *In re McCoy*, 446 B.R. 453, 456 (Bankr. D. Or. 2011) (internal citations and quotations omitted). "If the court dismisses the complaint, it must then decide whether to grant leave to amend. Leave to amend should be granted unless it is clear that the complaint cannot possibly be cured by the allegation of other facts." *Doe ex rel. Christina H. v. Medford School Dist. 549C*, 2011 WL 1002166, *2 (D. Or. 2011) (citing *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)).

Turning to the claim at issue, § 362(k)(1) provides:

> Except as provided in paragraph (2), an individual injured by any willful violation of stay provided by this section shall recover actual damages, including costs and attorney fees, and in appropriate circumstances, may recover punitive damages.

In other words, to plead a claim for damages, Plaintiffs must address four elements: (1) plaintiff is an individual; (2) defendant's violation of the stay; (3) willfulness; and (4) injury. Defendant does not dispute that Plaintiffs are individuals.

<u>Violation of the Stay</u>. The threshold question is whether Defendant violated the stay. Plaintiffs allege it violated § 362(a)(6) ("any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case"). Notwithstanding Defendant's argument that Plaintiffs fail to allege any violation of the stay, the Consolidated Class Action Complaint (hereinafter "Complaint") alleges that "defendant intentionally harassed plaintiffs by demanding plaintiffs pay pre-petition debt during the automatic stay." Complaint at 6, ¶ 10 (Doc. #28; filed 5/7/18). The Complaint attaches as Exhibit 1 copies of post-petition letter and email correspondence sent to Plaintiffs. Although the two letters addressed to Mr. Vera, a non-party, are irrelevant to our inquiry, several are addressed to Ms. Lund and include demands for payment. The email string reflected on pages 6 through 10 of Exhibit 1 allow for a reasonable inference that Defendant attempted, via email, to collect a pre-petition debt from Ms. Bean.

Citing *Morgan Guar. Trust Co. of New York v. Am. Sav. and Loan Ass'n*, 804 F.2d 1487 (9th Cir. 1986), Defendant argues that Plaintiffs' claim fails because they do not allege facts showing that Defendant engaged in "coercion or harassment." In that case, the Ninth Circuit states:

> The activities that are specifically prohibited [by section 362] all involve attempts to confiscate the debtor's property or require the debtor to act affirmatively to protect its interests. Presentment and other requests for payment unaccompanied by coercion or harassment do not appear to fall within the prohibitions of section 362(a).

*Id.* at 1491. In applying *Morgan Guar. Trust*, the BAP directs that "[w]hether a communication is a permissible or prohibited one is a fact-driven inquiry which makes any bright line test unworkable." *Zotow v. Johnson, et al. (In re Zotow)*, 432 B.R. 252, 258 (9th Cir. BAP 2010). It goes on to say that "prohibited communications include those where direct or circumstantial evidence shows the creditor's actions were geared toward collection of a prepetition debt, were accompanied by coercion or harassment, or otherwise put pressure on the debtor to pay." *Id.* (citing *Morgan Guar. Trust*, 804 F.2d at 1491) (emphasis added).

Several of the Exhibit 1 documents do more than simply request payment. They include threats to refer Plaintiffs' account to a collection agency if Defendant does not receive payment by a given date. Within the legal framework outlined above and when viewed in the light most favorable to Plaintiffs, Defendant's demand and threat constitute a facially plausible claim that Defendant violated § 362(a)(6). Whether they are sufficient to prove Plaintiffs' claim on the merits is a fact-based inquiry for trial.

<u>Willfulness</u>. A "willful" stay violation is an intentional act which violates the stay, not a subjective intent to violate it.

> The test for determining whether a violation of an automatic stay is willful is: 1) whether the [defendant] knew of the stay and 2) whether [defendant's] actions, which violated the automatic stay, were intentional. Knowledge of the bankruptcy filing is the legal equivalent of knowledge of the automatic stay provided under § 362. Furthermore, in determining whether the violation was willful, it is irrelevant whether the party believed in good faith that it had a right to the property at issue. Not even a 'good faith' mistake of law or a 'legitimate dispute' as to legal rights relieve a willful violator of the consequences of his act.

*Ramirez v. Fuselier (In re Ramirez)*, 183 B.R. 583, 589 (9th Cir. BAP 1995) (internal quotations and citations omitted). Defendant does not argue that the Complaint is facially deficient as to the willfulness element. The Complaint outlines that each Plaintiff listed Defendant as an unsecured creditor in her respective schedules and that Defendant received actual notice of each bankruptcy filing from the bankruptcy noticing center within a few days of petition-filing. Accepting as true Plaintiffs' assertion that Defendant "intentionally harassed plaintiffs by demanding plaintiffs pay. . . " and the reasonable inference that flows from that assertion (i.e., Defendant intended its actions), the claim satisfies both prongs of the "willfulness" element for 12(b)(6) pleading purposes.

<u>Injury</u>. The injury analysis is more nuanced. As noted above, § 362(k)(1) only allows recovery by those "injured" by the willful stay violation. The BAP has equated this term to

mean those who have suffered actual damages. *Eskanos & Adler, P.C. v. Roman (In re Roman)*, 283 B.R. 1, 8 (9th Cir. BAP 2002). Under the statute, actual damages "includ[es] costs and attorneys' fees." Section 362(k)(1). Such fees "can be incurred out of court, as when a debtor retains an attorney to call or write a creditor to demand that it end its stay-violating conduct. When those efforts fail, a debtor can also incur attorney's fees in court by pursuing injunctive relief aimed at ending the stay violation." *America's Servicing Co. v. Schwartz-Tallard (In re Schwartz-Tallard)*, 803 F.3d 1095, 1099 (9th Cir. 2015). Emotional distress damages are also recoverable for willful stay violations. *Dawson v. Washington Mutual Bank. F.A. (In re Dawson)*, 390 F.3d 1139, 1148-49 (9th Cir. 2004). One need not suffer pecuniary loss. *Id.*

In this case, Plaintiffs seek attorney fees and costs, punitive damages, and non-monetary relief under § 105. Plaintiffs concede they did not suffer monetary injury from Defendant's alleged stay violations. Rather, they assert that they were emotionally harmed, experiencing "severe ongoing confusion," "fear," and "frustration and other emotional harm separate from the average stress of the normal bankruptcy process." Complaint at 7-8. Yet they do not seek damages for such harm. Plaintiffs first state that "[t]he allegations of emotional harm in this paragraph are relevant solely to the reprehensibility of defendant's behavior and plaintiff's claim for punitive damages." Complaint at 7. It is only later, in their Response to Motion to Dismiss (Doc. #33; filed 6/6/18) and in oral argument that Plaintiffs more definitively assert that the emotional harm satisfies the injury pleading requirement.

Defendant concedes that Plaintiffs have Article III standing under *Robins v. Spokeo, Inc.*, 867 F.3d 1108 (9th Cir. 2017), but argues that Plaintiffs' failure to seek emotional harm damages means they cannot satisfy the injury element and the Complaint must be dismissed. Although a claim for actual damages is generally enough to satisfy the injury requirement, injury and damages are distinct concepts. Claimants usually seek damages for each injury, but there is no requirement that they do so. A plaintiff's decision not to seek damages does not mean the injury did not occur, nor does it render deficient the allegations as to the injury element of a cause of action. In the case of a claim under § 362(k)(1) and the requirement that a plaintiff plead injury, it is enough that she allege facts sufficient to show she has a claim for actual damages, even if she does not seek a corresponding damages award. Plaintiffs in this case did not plead the injury element as plainly as they could have, but that does not mean that dismissal under 12(b)(6) is appropriate. The belated legal argument that the emotional harm satisfies the injury element is arguably "beyond the pleadings," but the factual claims regarding the alleged harm are not. *McCoy*, 446 B.R. at 456. The deficiency is one that could be corrected, without prejudice to Defendant, in an amended complaint. I do not ask that Plaintiffs do so. Fed. R. Civ. P. 8(a)(2) requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted; ellipsis in original). Plaintiffs have met this standard as to the injury element.

<u>Punitive Damages</u>. Defendant argues in its supporting memorandum that "[b]ecause Plaintiffs have not stated any claim for actual damages, their claim for punitive damages must

also be dismissed." The BAP has indeed stated in the case cited by Defendant that "punitive damages should not be awarded absent actual damages." *McHenry v. Key Bank (In re McHenry)*, 179 B.R. 165, 168 (9th Cir. BAP 1995). In *McHenry*, the creditor, unaware of the debtors' bankruptcy filing, telephoned the debtor "to discuss [debtors'] delinquent car payments." *Id.* at 166. After being told of the filing, creditor contacted debtors' counsel who confirmed debtors' intent to surrender the collateral. *Id.* Creditor then repossessed the vehicle "in accordance with arrangements made by the [debtor]." *Id.* In denying the debtors' subsequent request for actual and punitive damages ($5,000 and $15,000, respectively), the BAP stated "the [debtors] have never sought return of the car. The [debtors] claim damages because the [creditor] took what the [debtors] offered and intended to give them." *Id.* at 168. "The incurrence of actual damage, a measurable event, serves as a basis for determination of an appropriate punitive damage award. Where there is no actual damage, such measure does not exist." *Id.*

*McHenry* demonstrates how the injury and actual damages elements often blur in the context of a § 362 claim. In denying the claim for $5,000 in actual damages, the BAP essentially concluded that debtors suffered no injury. Absent injury – "a measurable event" – the court cannot determine an appropriate punitive damages award. But it is the injury "sustained by the offended party," *id.* at 169, not whether the claimant seeks an actual damages award for such injury, that is the relevant inquiry. In light of Plaintiffs' alleged emotional injuries and their request for attorney fees and costs (included in the § 362(k)(1) description of "actual damages"), Defendant's argument fails. Where Plaintiffs have sufficiently included a claim for emotional injury, their choice not to request emotional distress damages should not cut against them in the assessment of whether they meet the threshold requirements for seeking punitive damages.

Defendant also argues that Plaintiffs have failed to plead facts sufficient to show that Defendant engaged in malicious, wanton, or oppressive conduct, as required for a claim for punitive damages. *Ramirez*, 183 B.R. at 590; *see also McHenry*, 179 B.R. at 168 (discussing "egregious, intentional misconduct" in its conclusion that punitive damages were not warranted). The Complaint includes several allegations that, if accepted as true, raise a facially plausible claim that Defendant has engaged in malicious, wanton, or oppressive conduct. For example: "systematically continuing collections activity during the automatic stay, to the extreme frustration and confusion of debtors," for the purpose of generating profit and competitive advantage over competitors (Complaint at 3); "direct demands for payment" with "implied and explicit threat that if debtors don't pay, they will be turned over to third party collections and suffer credit harm after bankruptcy" (Complaint at 3); and "defendant intentionally harassed plaintiffs" (Complaint at 6). This is sufficient to meet the pleading requirements of Fed. R. Civ. P. 8(a)(2) and survive a motion to dismiss. Whether they are successful on the ultimate issue is a question for trial.

    <u>Conclusion and Next Steps</u>. The above represents my findings and conclusions. They will not be separately stated. For the reasons outlined above, I will deny Defendant's Motion to Dismiss by separate order. Where Defendant has not yet filed an answer to the Consolidated Class Action Complaint, it will have the 21 days from the date of the order to do so.

    Very truly yours,

    *[signature]*

    THOMAS M. RENN
    Bankruptcy Judge

TMR:jrp